UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61883-RUIZ/STRAUSS

**PREPARED FOOD PHOTOS, INC.,**

    Plaintiff,

v.

**PERRY WINGS PLUS, INC.,**

    Defendant/Judgment Debtor.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me upon Plaintiff's *ore tenus* motion [DE 50] for a finding of contempt against Judgment Debtor, which Plaintiff made during a show cause hearing on September 27, 2023 [DE 48]. The District Court has referred to me all post-judgment discovery matters pursuant to 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and the Magistrate Rules of the Local Rules of the Southern District of Florida. [DE 24]. Based on the certified facts below, I respectfully **RECOMMEND** that the District Court **GRANT** the motion and conduct further civil contempt proceedings to ensure Judgment Debtor's compliance with the court orders at issue.

**FACTUAL BACKGROUND**

On December 19, 2022, the Court entered a Default Judgment against Judgment Debtor. [DE 16]. On March 22, 2023, Plaintiff served its First Request for Production in Aid of Execution and First Set of Interrogatories in Aid on Execution on Judgment Debtor. [DE 23 at ¶¶ 1-2]. Judgment Debtor did not respond to the post-judgment discovery requests by the due date of April 24, 2023. *Id.* at ¶¶ 12-13. As a result, Plaintiff filed its Motion to Compel Post-Judgment Discovery Responses ("the Motion") on June 5, 2023, pursuant to Federal Rule of Civil Procedure

37, seeking an order: (1) compelling Judgment Debtor to respond to the discovery requests, (2) deeming Judgment Debtor's objections (other than the attorney client privilege) waived, and (3) requiring Judgment Debtor to pay its reasonable expenses/fees incurred in making the Motion. *Id.* at ¶¶ 14-15.  On June 6, 2023, I entered an order requiring Judgment Debtor to respond to the Motion by June 14, 2023 ("the Order Expediting Response"). [DE 26].  Judgement Debtor failed to respond to the Motion by June 14, 2023, as required by the Order Expediting Response.  On June 16, 2023, I entered an order to show cause ("the First OTSC") requiring Judgment Debtor to show cause by June 23, 2023, why the Motion should not be granted by default and why sanctions should not be imposed against it under Rule 37.  [DE 28].  In the First OTSC, I warned Judgment Debtor that it may be subject to additional sanctions (including contempt) if it failed to respond. *Id.* at 2.

On June 23, 2023, Donna Phillips, the sole proprietor of Judgment Debtor, conventionally filed a response to the First OTSC.  [DE 31].  In that response, Phillips indicated that she intended to file a motion to vacate the Default Judgment. *Id.* at 1.  Phillips stated that she sought the assistance of a *pro bono* attorney to vacate the Default Judgment, but that *pro bono* attorney was unable to finish preparing the motion to vacate due to a death in the family. *Id.*  According to Phillips, when she received the Motion, she attempted to compile the requisite financial documents needed to respond to Plaintiff's post-judgment discovery requests, but she had been "slow in achieving this" due to her health issues. *Id.*  Phillips stated that she is a heart patient with chronic issues and attached various medical documents (all dated June 23, 2023) to her response to corroborate this statement. *Id.*

While I was sympathetic to Phillips' health issues, I found that Judgment Debtor's response did not show good cause to avoid the grant of the Motion.  [DE 33].  Thus, I entered an order on

June 26, 2023, granting the Motion and requiring Judgment Debtor to respond to Plaintiff's post-judgment discovery requests by July 5, 2023 ("the Order"). *Id.*

On July 5, 2023, Judgment Debtor, again through Phillips, conventionally filed a document titled "Response to Order." [DE 36]. In the document, Phillips stated that she is "unable to respond" for the same reasons she indicated in response to the First OTSC: the death in her *pro bono* attorney's family and her health issues. *Id.* at 1. Phillips also stated the following: "I'd like to 'beg' the Court to allow 15 days to gain proper representation so that I could be properly represented in this case." *Id.* at 2.

On July 12, 2023, Plaintiff filed a "Notice of Non-Compliance" indicating that Judgment Debtor has not responded to the discovery requests (by July 5, 2023, or otherwise) as required by the Order. [DE 37]. On July 13, 2023, I entered another order to show cause ("the Second OTSC"), requiring Judgment Debtor to show cause in writing, by July 26, 2023, why it should not be sanctioned for its failure to comply with the Order. [DE 38]. In the Second OTSC, I also set a show cause hearing for August 2, 2023, at which Judgment Debtor could discuss its failure to comply with the Order and a time period within which it would respond to the outstanding post-judgment discovery requests. *Id.* at 3. Because Judgment Debtor is a corporation, I also ordered that it must obtain counsel to both file its response to the Second OTSC and appear at the show cause hearing. *Id.* Judgment Debtor did not respond to the Second OTSC by July 26, 2023.

At the in-person show cause hearing on August 2, 2023, Attorney Neila Nathaniel-Alphonse appeared on behalf of Judgment Debtor. Nathaniel-Alphonse stated that Phillips contacted her earlier in 2023 to represent her in this matter. Nathaniel-Alphonse stated that she only does work on a *pro bono* basis but that she would take it upon herself to respond to the post-judgment discovery requests on behalf of Phillips and Judgment Debtor. Prior to the show cause

hearing, Nathaniel-Alphonse sent Plaintiff an email with some of Judgment Debtor's financial documents, but Plaintiff was unable to confirm whether the documents fully complied with its post-judgment discovery requests. To completely respond to the post-judgment discovery requests, Nathaniel-Alphonse represented that Judgment Debtor would need two weeks. Based on that representation, I ordered Judgment Debtor to comply with the Order (and respond to the post-judgment discovery) by August 16, 2023. I entered an order memorializing this ruling on August 2, 2023. [DE 41].

On September 6, 2023, Plaintiff filed another "Notice of Non-Compliance." [DE 43]. In this notice, Plaintiff indicated that Judgment Debtor failed to respond to the post-judgment discovery requests by August 16, 2023, as previously ordered. *Id.* As a result of the notice, I entered another order to show cause ("Third Order to Show Cause") on September 7, 2023. [DE 44]. In the Third Order to Show Cause, I ordered Judgment Debtor to show cause in writing by September 15, 2023, why it should not be sanctioned for its repeated failure to comply with this Court's orders. *Id.* at 4. I explicitly warned Judgment Debtor that its failure to respond or comply with the Third Order to Show Cause may result in a recommendation to the District Court that it be found in contempt. *Id.* Judgment Debtor failed to respond to or otherwise comply with the Third Order to Show Cause by September 15, 2023.

Due to Judgement Debtor's failure to comply with the Third Order to Show Cause, I *sua sponte* scheduled another show cause hearing for September 27, 2023. [DE 46]. That order directed Judgment Debtor to "be prepared to discuss why it should not be sanctioned for its repeated failures to comply with this Court's orders, including, but not limited to, a recommendation to the District Court that Judgment Debtor be held in contempt." *Id.* at 4. The order further reminded Judgment Debtor and Phillips that Judgment Debtor must obtain counsel

4

to appear in court. *Id.* The order directed Plaintiff to "be prepared to present evidence of Judgment Debtor's non-compliance and recommended sanctions for such non-compliance, if any." *Id.*

Judgment Debtor failed to appear at the September 27, 2023, show cause hearing. Plaintiff, through counsel, appeared and made an *ore tenus* motion to hold Judgment Debtor in contempt. In support of its motion, Plaintiff explained that prior to the August 2, 2023, show cause hearing, Judgment Debtor provided Plaintiff with some unredacted financial documents. Before Plaintiff had an opportunity to examine the documents (and, thus, to determine the extent to which those documents did or did not fully respond to Plaintiff's request for production), the parties came to an agreement whereby Plaintiff would delete the unredacted documents and Judgment Debtor would send over new redacted versions. However, after Plaintiff deleted the unredacted documents, Judgment Debtor did not deliver any redacted versions to Plaintiff. Nor has Judgment Debtor provided any additional documents in response to the request for production or responses to the propounded interrogatories, either before or after August 16. Indeed, Plaintiff has received no communications from Nathaniel-Alphonse (Judgment Debtor's *pro bono* counsel) since the August 2 show cause hearing.

Plaintiff served the Third Order to Show Cause on Judgment Debtor by sending it to Nathaniel-Alphonse by email,[1] to Judgment Debtor (care of its President, Donna Phillips) by mail, and to Judgment Debtor (care of Steve C. Lewis, its Registered Agent) by Federal Express. [DE 45]. Plaintiff's counsel represented that, after it served the Third Order to Show Cause, they received an email from Phillips on September 11, 2023, stating "I don't know what that means." Plaintiff also served a copy of the order setting the show cause hearing for September 27, 2023,

---

[1] At the August 2, 2023 hearing, Nathaniel-Alphonse had represented that Plaintiff could communicate with her (on behalf of Judgment Debtor) by email.

on Judgment Debtor by mail, email, and Federal Express.  Plaintiff has received no further communication from Judgment Debtor since the aforementioned email from Phillips.

Because Judgment Debtor has not furnished Plaintiff with any requested discovery documents, despite the Order granting Plaintiff's motion to compel, Plaintiff requested this Court to certify to the District Judge that Judgment Debtor committed acts constituting civil contempt.

## ANALYSIS

### I. Magistrate Judge's Authority Regarding Contempt

Generally, a magistrate judge may not exercise contempt power in cases "where the parties have not consented to magistrate jurisdiction and the act constituting contempt occurred outside the magistrate judge's presence." *Campos v. Chavam Enters., Inc.*, 15-14370-CIV, 2021 WL 1178548, at *2 (S.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, 2:15-CV-14370, 2021 WL 1177485 (S.D. Fla. Mar. 29, 2021) (citing 28 U.S.C. § 636(e)).  In those cases, a magistrate judge must "certify the facts to a district judge and may serve or cause to be served" upon the alleged contemnor an order to show cause before the District Judge why he or she should not be held in contempt on the basis of the certified facts.  28 U.S.C. §636(e)(6); *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010).  This certification "allows the District Court to render a determination as to whether the moving party has set forth sufficient evidence for a finding of contempt." *Lustig v. Stone*, 15-20150-CIV, 2017 WL 8889841, at *1 (S.D. Fla. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 1870071 (S.D. Fla. Jan. 9, 2018).  After the magistrate judge's certification, "the District Judge shall hear relevant evidence for a determination if punishment is warranted and, if so, then enter an order setting forth such punishment." *Id*; 28 U.S.C. § 636(e)(6).

### II. Legal Standard for Granting a Motion for Contempt

"Courts have the inherent power to enforce compliance with their lawful orders by the exercise of contempt powers." *Campos*, 15-14370-CIV, 2021 WL 1178548, at *2 (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)). "On a contempt motion, the movant bears the initial burden of proving, by clear and convincing evidence, the defendant's noncompliance with a court order." *Thomas v. Blue Cross Blue Shield Ass'n.*, 594 F.3d 813, 821 (11th Cir. 2010). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15-24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017), *report and recommendation adopted*, 2017 WL 8895340 (S.D. Fla. June 16, 2017) (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)). "Upon the plaintiff's satisfaction of the initial burden, the burden then shifts to the defendant to come forward with evidence showing in detail why a contempt finding should not be found." *Id.*

"[T]o avoid contempt, a defendant must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Id.* A defendant may only be excused from compliance upon a showing that "despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother*, 03-60129-CIV-MARRA, 2010 WL 2978077, at *2. The Eleventh Circuit "construe[s] this requirement strictly." *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 984 (11th Cir. 1986). "[T]hus even if the efforts made by defendants are 'substantial,' 'diligent' or 'in good faith,' the fact that a defendant did not make 'all reasonable efforts' to comply with the order, establishes that the defendant has failed to rebut the showing of

7

contempt." *United States v. D'Argenio*, 01-00010-CR, 2019 WL 297091, at *8 (S.D. Fla. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 296534 (S.D. Fla. Jan. 23, 2019). A defendant must also do more than merely assert that he is unable to comply and that he has made all reasonable efforts to do so; he must "introduce[] evidence in support of his claim." *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984). "The burden shifts back to the moving party only upon a sufficient showing by the alleged contemnor." *Combs*, 785 F.2d at 984.

### III.     Certified Facts

Based on the above facts, I find that Judgment Debtor failed to comply with five valid orders. [DE 26, 33, 41, 44, and 46]. First and foremost, despite multiple opportunities, Judgment Debtor has not provided Plaintiff with any of the requested post-judgment discovery documents, in contravention of the Court's clear and unambiguous orders at DE 33 and DE 41. Judgment Debtor's sole attempt to do so led to the inadvertent disclosure of unredacted financial documents that Plaintiff – in accordance with its agreement with Judgment Debtor – deleted without reviewing. It is unclear whether those documents provided (and now deleted) adequately responded to Plaintiff's request for production. It is clear, however, that Judgment Debtor has never responded to Plaintiff's interrogatories.

In order to give Judgment Debtor every opportunity to resolve this matter, I have issued three Orders to Show Cause and held two Show Cause hearings. Even charitably assuming that Phillips' filings and Nathaniel-Alphonse's representations at the August 2 show cause hearing were sufficient to avoid a finding of contempt,[2] Judgment Debtor nevertheless clearly violated the

---

[2] Phillips' representations regarding her health and her attempts to secure *pro bono* counsel do not meet the Eleventh Circuit's strict standard of showing that Judgment Debtor had made "all reasonable efforts to comply." *See Combs*, 785 F.2d at 984. Nor did the representations at the August 2 show cause hearing demonstrate that such "reasonable efforts" had been made.

order to provide documents and interrogatory responses by its own proposed deadline of August 16, 2023 [DE 41] and failed to respond to the Third Order to Show Cause [DE 44] to explain that failure. Moreover, although I provided Judgment Debtor with a final opportunity to provide an explanation at the September 27, 2023, show cause hearing, Judgment Debtor failed to appear, through counsel or otherwise. In hopes of ensuring that Judgment Debtor appeared at the September 27, 2023, show cause hearing, I ordered Plaintiff to serve Judgment Debtor with the order setting that hearing at least four days prior to the hearing. [DE 46 at 4]. Plaintiff filed a certificate of service certifying it served Judgment Debtor a copy of the order via email, U.S. mail, and Federal Express. [DE 47]. Notwithstanding these steps, Judgment Debtor failed to appear at the hearing or produce any of the requested documents.

Plaintiff has shown by clear and convincing evidence Judgment Debtor's noncompliance with a court order. *See Thomas*, 594 F.3d at 821. Plaintiff established this through Judgment Debtor's failure to produce the requested discovery documents and absence at this Court's most recent show cause hearing. My orders were lawful and valid as they pertained to post-judgment discovery requests, s*ee* [DE 24], the orders were clear in that they compelled Judgment Debtor to produce the requested discovery documents by date certain, *see* [DE 33, 41], or file written responses by a date certain [DE 26, 44], or appear in court at a date and time certain. [DE 46]. Judgment Debtor has not provided any justifiable reasons as to why it could not comply with the orders. *See Greenberg*, 105 F. Supp. 3d at 1345. Because Judgment Debtor neither appeared at the show cause hearing nor provided any of the requested documents to Plaintiff, Judgment Debtor has not met its burden to show that it has made "all reasonable efforts" to comply with the Court's orders, and, therefore, has not demonstrated an inability to comply. *See Brother*, 2010 WL 2978077, at *2. Thus, I recommend that the District Judge find Judgment Debtor in civil contempt

and impose a coercive daily fine of $100 to induce compliance with the discovery orders.[3] *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Judgment Debtor can purge the contempt by responding to and producing all of Plaintiff's requested documents.

## CONCLUSION

For the reasons stated above, I respectfully **RECOMMEND** that:

1. The Motion for Contempt [DE 50] be **GRANTED**;

2. Judgment Debtor be found in civil contempt; and

3. A coercive daily fine of $100 be imposed which will be purged upon Judgment Debtor's compliance with the discovery orders.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 29th day of September 2023.

Jared M. Strauss
United States Magistrate Judge

---

[3] I have already awarded Plaintiff attorneys' fees pursuant to Federal Rule of Civil Procedure 37 in the amount of $3,270.00. [DE 49].

Copies furnished to counsel via CM/ECF