UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61883-RAR

**PREPARED FOOD PHOTOS, INC.**, *f/k/a*
Adlife Marketing & Communications Co., Inc.,

    Plaintiff,

v.

**PERRY WINGS PLUS, INC.**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION, FINDING DEFENDANT IN CONTEMPT, AND SETTING PURGE AMOUNT

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation, [ECF No. 51] ("Report"), entered on September 29, 2023. The Report recommends that the District Court conduct further civil contempt proceedings to ensure Defendant/Judgment Debtor Perry Wings Plus Inc.'s ("Judgment Debtor") compliance with the court orders at issue. [ECF Nos. 26, 33, 41, 44, 46]. *See* Report at 1. Further, the Report found a coercive daily fine of $100, which may be purged upon Judgment Debtor's compliance with the Court's orders, to be appropriate. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings and the consequences for failing to object. *Id.* at 10. Neither party filed objections.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the

Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error. Additionally, the Court conducted its own contempt proceedings on December 12, 2023, during which the Report's findings were confirmed, the Court heard further oral argument, and the Court engaged directly with a representative of the Judgment Debtor regarding non-compliance with outstanding discovery in aid of execution. *See* [ECF No. 54] ("Hearing"). Accordingly, for the reasons stated on the record at the Hearing, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 51], is **AFFIRMED AND ADOPTED**.

2. The Motion for Contempt, [ECF No. 50], is **GRANTED.**

3. Based on the certified facts contained in the Report, as well as the evidence presented at the Hearing, the Court concludes that Judgment Debtor is in civil contempt of Court for failure to comply with five prior court orders. [ECF Nos. 26, 33, 41, 44, 46]; *see also Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir. 1996) (explaining that "courts have inherent contempt powers in all proceedings . . . to 'achieve the orderly and expeditious disposition of cases.'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).

4. As discussed with all parties at the Hearing, Judgment Debtor shall serve Plaintiff with responses to the First Request for Production in Aid of Execution, [ECF No. 23-1], on or before **December 18, 2023**.

5. To ensure Judgment Debtor's compliance with the requirements of this Order, a coercive daily fine of $100 will accrue from the date of this Order, which may be purged upon either party providing the Court with a status report within **three days** of the discovery responses being completed.

**DONE AND ORDERED** in Miami, Florida, this 13th day of December, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**