THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-61883-RAR

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

      Plaintiff,

v.

PERRY WINGS PLUS, INC.,

      Defendant.

_____

**PLAINTIFF'S MOTION FOR FINAL JUDGMENT ON WRIT OF GARNISHMENT**

Plaintiff/Judgment Creditor Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") hereby files this Motion for Final Judgment on Writ of Garnishment against defendant/judgment debtor Perry Wings Plus, Inc. ("Defendant"), and as grounds therefore states as follows:

1.      On December 19, 2022, this Court entered a Judgment against Defendant and in favor of Plaintiff in the amount of $75,065.65 [D.E. 16] which remains due and unpaid as of the date hereof.

2.      On August 20, 2024, the Clerk of Court issued a Writ of Garnishment (the "Writ") against Uber Technologies, Inc. ("Garnishee").  See D.E. 60 (Ex Parte).

3.      On August 20, 2024, the Writ was served on Garnishee.  See D.E. 61.

4.      On September 9, 2024, Garnishee filed its Answer to the Writ of Garnishment [D.E. 65] admitting that Garnishee is indebted to Defendant by virtue of an account in the amount of $1,783.51.

5.	On October 4, 2024, Garnishee filed its Amended Answer to the Writ of Garnishment [D.E. 67] admitting that Garnishee is indebted to Defendant by virtue of a checking account in the amount of $1,783.51, but further indicated that two other writs of garnishment were served on Garnishee for judgments against Defendant prior to the Writ and, as such, Garnishee will only be withholding $221.71, which amount is being held pending Court Order, for monies Defendant earned for the period of August 31, 2024 to September 9, 2024, which is the period for which there is no competing prior writ of garnishment.

6.	On September 11, 2024, Plaintiff served Defendant with Garnishee's Answer and Notice to Defendant of Writ of Garnishment pursuant to Fla. Stat. § 77.055 (the "Notice of Garnishment") and filed the Certificate of Service. See D.E. 66.

7.	Florida law governs this matter.  See Fed. R. Civ. P. 69(a)(1) ("The procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").

8.	In accordance with Fla. Stat. § 77.055,[1] the Notice of Garnishment specifically notified Defendant that it must move to dissolve the Writ of Garnishment within 20 days thereof:

> 3.	You are hereby notified that you must move to dissolve the Writ of Garnishment within 20 days after the date indicated on the Certificate of Service below if any allegation in the Plaintiff's Motion for Writ of Garnishment is untrue.

---

[1]	Fla. Stat. § 77.055 states, in relevant part: "Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, *and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice* if any allegation in the plaintiff's motion for writ of garnishment is untrue." (Emphasis added).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

9.      Any challenge to the Writ of Garnishment was therefore due **on or before October 1, 2024**.

10.     Defendant failed to move to dissolve the Writ within 20 days, or by October 1, 2024, pursuant to the Notice to Defendant.

11.     Plaintiff is therefore entitled to entry of a Final Judgment on his Writ of Garnishment in the total sum of $221.71, the total amount in the garnished account being held by Garnishee.  See, e.g. Cardinale v. Vitamin Emporium, Inc., No. 6:21-cv-379-ACC-EJK, 2023 U.S. Dist. LEXIS 174698, at *7 (M.D. Fla. Sep. 28, 2023) (collecting cases and finding that failure to move to dissolve writ of garnishment within 20-day period entitled plaintiff to final judgment of garnishment).

**WHEREFORE**, Plaintiff hereby moves the Court for entry of a Final Judgment on its Writ of Garnishment with Garnishee, Uber Technologies, Inc., to satisfy the Writ by way of check in the amount of $221.71 payable to Plaintiff's counsel, and for such further relief that this Court deems just and proper.

Dated: November 18, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2024, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.

/s/ Daniel DeSouza___
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228